UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kimberly Ann Shreve, | ) | C/A No. 5:14-4007-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Colon Willoughby; | ) | |
| Kristen Fetter; | ) | |
| Tina Hoagland, Deputy of Wake Sheriff; | ) | |
| NC Department of Justice; | ) | |
| Donnie Harrison, Sheriff of Wake County, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.  Factual and Procedural Background

Kimberly Ann Shreve ("Plaintiff") is a resident of Raleigh, North Carolina. Compl. 5, ECF No. 1. She is suing five Defendants, all of whom are either North Carolina residents or a North Carolina state agency. *Id*. Plaintiff alleges that her rights were violated by Defendants in connection with a court appearance that took place in Raleigh, North Carolina in December 2008. *Id*. at 7-8. There are no allegations in the Complaint about anything that took place in South Carolina and no South Carolina resident is being sued. It appears that everything of which Plaintiff complains happened in Raleigh, North Carolina, which is the location of the United States District Court for the Eastern District of North Carolina.

II. Standard of Review

Under established local procedure in this judicial district, a careful review has been made

of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). The pro se Complaint under review in this case should be transferred to the Eastern District of North Carolina for further handling.

III.   Discussion

Assuming Plaintiff's allegations to be true, Plaintiff's Complaint fails to reveal any basis for this court to obtain personal jurisdiction over any of the Defendants. Plaintiff is suing North Carolina Defendants under federal-question jurisdiction for alleged constitutional violations that occurred in North Carolina. A bedrock requirement in any civil action is that the district court in which a complaint is brought shall have personal jurisdiction over the persons of the defendants. Rule 4(e) of the Federal Rules of Civil Procedure ("Serving an Individual Within a Judicial District of the United States"), by its own title, suggests that persons outside a given judicial district cannot be brought into that district court. The Rule, however, allows application of state long-arm statutes, stating,

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1)   following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)   doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under the applicable South Carolina long-arm statute, S.C. Code Ann. § 36-2-803 ("Personal jurisdiction based upon conduct"), nonresidents may be served and subjected to

state-court jurisdiction only where certain limited types of facts are presented in a case.[1] None of those types of facts is presented in this case. Under the facts alleged in Plaintiff's Complaint, the only Defendants named in this case are residents or state agencies located in North Carolina, and all of the actions giving rise to Plaintiff's claims appear to have taken place in North Carolina. In short, it is clear that the federal court in the Eastern District of North Carolina is the proper forum in which to adjudicate the claims raised in this Complaint. As a result, the interests of justice require this court to transfer this case to the United States District Court that can obtain personal jurisdiction over Defendants and thereby avoid any procedural complications that may

---

[1] S.C. Code Ann. § 36-2-803 states:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's
>
> (1) transacting any business in this State;
>
> (2) contracting to supply services or things in the State;
>
> (3) commission of a tortious act in whole or in part in this State;
>
> (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State; or
>
> (5) having an interest in, using, or possessing real property in this State; or
>
> (6) contracting to insure any person, property or risk located within this State at the time of contracting; or
>
> (7) entry into a contract to be performed in whole or in part by either party in this State; or
>
> (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.
>
> (B) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

be wrought by dismissal of the case for lack of jurisdiction. *See Robbins v. Yutopian Enters.*, 202 F. Supp. 2d 426, 430-31 (D. Md. 2002); *see also Robertson v. Northcutt*, 850 F.2d 690, *2 (4th Cir. June 23, 1988) (statute of limitations; preserving filing date is better served by transfer to more appropriate district than by dismissal).

Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Goldlawr v. Heiman*, 369 U.S. 463, 466-67 (1962); *Dubin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967); *see also Porter v. Groat*, 840 F.2d 255 (4th Cir. 1988). No ruling on the merits of this case or on any pending Motion has been made in connection with this recommendation for transfer as such ruling is more appropriately within the authority of the United States District Court for the Eastern District of North Carolina to make. *See generally* 15 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3827 at 268-74 (1986).

IV.     Recommendation

Accordingly, without ruling on the pending Motion to Proceed *in forma pauperis*, ECF No. 6, it is recommended that the district court transfer this case to the United States District Court for the Eastern District of North Carolina without issuance and service of process.

IT IS SO RECOMMENDED.

October 31, 2014                                                                     Kaymani D. West
Florence, South Carolina                                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

5

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).