IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Kimberly Ann Shreve, | ) | |
| | ) | C/A No. 5:14-4007-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Colon Willoughby; | ) | |
| Kristen Fetter; | ) | |
| Tina Hoagland, Deputy Wake Sheriff; | ) | |
| NC Department of Justice; | ) | |
| Donnie Harrison, Sheriff of Wake County, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Kimberly Ann Shreve, proceeding pro se and requesting to proceed *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the Magistrate Judge's Report and Recommendation ("Report"), recommending that, without ruling on the motion to proceed *in forma pauperis* (ECF No. 6), the case be transferred to the United States District Court for the Eastern District of North Carolina without issuance and service of process. (ECF No. 11, Report). Plaintiff timely filed objections and subsequently supplemented those objections. (ECF Nos. 13, 16).

In her Complaint, Plaintiff alleges that on December 5, 2008, she was assaulted by her then attorney, Defendant Kristen Lynn Fetter. (Compl. at 6-7). Fetter was the district attorney assigned to represent Plaintiff in a domestic violence action and Plaintiff alleges that Fetter laughed at her. She alleges that Defendant Tina Hoagland Byrd then escorted her out of the courtroom into a small conference room where Fetter pushed her up against a wall and slapped her. *Id.* Plaintiff also alleges Bryd swung her fists at her and escorted her from the courthouse. *Id.*

The magistrate judge recommends that the court not rule on Plaintiff's in forma pauperis motion and transfer this action to the Eastern District of North Carolina. (Report at 5). In her objections, Plaintiff does not object to the magistrate judge's determination that this court lacks personal jurisdiction. Instead, she objects to the transfer of this action to North Carolina. (Objections at 2). She requests that the court transfer the action to another jurisdiction because she contends that the judges in North Carolina favor the State of North Carolina and she alleges favoritism . (Objections at 2-3).

Plaintiff has filed a motion to proceed in forma pauperis. (ECF No. 6). Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Accordingly, her motion to proceed in forma pauperis under 28 U.S.C. § 1915(a) is granted.

As for whether the court has personal jurisdiction, the court notes that a bedrock requirement in any civil action is that the district court in which a complaint is brought shall have personal jurisdiction over the defendants. To assert personal jurisdiction over a non-resident defendant, the exercise of jurisdiction must be authorized by South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803, and comport with the Fourteenth Amendment's due process clause. *Tetrev v. Pride Int'l, Inc.,* 465 F.Supp.2d 555, 558 (D.S.C. 2006). The South Carolina Supreme Court has interpreted South Carolina's long-arm statute to extend to the constitutional limits imposed by the due process clause. *Id.* at 559. "Consequently, the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997) (internal quotation marks omitted). Under the due process analysis, the plaintiff must show that the defendant had sufficient minimum contacts with South Carolina and that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980) (internal quotation marks omitted). A defendant has minimum contacts with a state when "the defendant's conduct and connection with the forum

2

state is such that he should reasonably anticipate being haled into court there." *Id.* at 297. Minimum contacts must be based on "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Plaintiff, who is a North Carolina resident, is suing North Carolina defendants for events alleged to have occurred in North Carolina in 2008. The Complaint fails to reveal any basis for this court to obtain personal jurisdiction over herself or any of the Defendants. Accordingly, as the magistrate judge found, the court lacks personal jurisdiction over the parties Defendants.

The Supreme Court has held that 28 U.S.C. § 1406(a) authorizes the transfer of a case regardless of whether the court in which the case was filed has personal jurisdiction over the parties. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962). The Supreme Court held that transfer to another jurisdiction is appropriate to avoid the "injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr*, 369 U.S. at 466 (emphasis added).

Ordinarily, the court would transfer this action to another district where it might have been brought as provided in § 1406(a). However, even construing Plaintiff's pro se Complaint liberally, it is highly unlikely that it would survive a motion to dismiss in a proper venue. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir. 2005) ("If a peek at the merits reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the court in which it is initially filed - the court that does not have jurisdiction - should dismiss the case rather than waste the time of another court." (internal quotation marks and citation omitted)). It is abundantly clear that this Complaint should be dismissed and not transferred because this suit is barred by the statute of limitations based upon the allegations in the Complaint and the dismissal of Plaintiff's prior action rasing these same claims in the Eastern

3

District of North Carolina on the ground, inter alia, that it was barred by the statute of limitations. *See Shreve v. Fetter*, C/A No. 5:13-cv-354-H (filed May 13, 2013). Moreover, Plaintiff does not want this action to be transferred to the Eastern District of North Carolina, the only appropriate district based upon the allegations in the Complaint.[1] Based upon the circumstances of this action, the court finds the interests of justice do not demand that this action be transferred to the Eastern District of North Carolina. *See Thomas v. JP Morgan Chase, N.A.*, C/A No. 11-cv-3656 2012 WL 3230471 (E.D.N.Y. Aug. 6, 2012) (holding that courts will not waste judicial resources by transferring a case that has no chance of success). Additionally, as North Carolina appears to be the only district to which this court could transfer this action, Plaintiff's request to transfer this case to a district other than North Carolina is denied.

The court has thoroughly reviewed the Report, Plaintiff's objections, and the record in this case. Based on the foregoing, the court grants Plaintiff's motion for in forma pauperis (ECF No. 6), but dismisses her complaint for lack of personal jurisdiction.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 4, 2014

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The events alleged in the Complaint all occurred in North Carolina and the parties are all currently residing in North Carolina. (Compl. 5, 6-8). In her objections, Plaintiff contends that Fetter has lived in several other states at some time. (Objections at 2). However, currently Fetter lives in North Carolina and, based upon the record before the court, there would be no basis for personal jurisdiction in any state other than North Carolina.